IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

KURT L. MOFFITT                                                                                    PLAINTIFF

vs.                                        Civil No. 3:06-cv-03065

MICHAEL J. ASTRUE[1]                                                                           DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Kurt L. Moffitt ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 2).[2]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's applications for DIB and SSI now before this Court were filed on September 18, 2003.  (Tr. 50-52, 203-205).  These applications allege an onset date of January 18, 2002.  *See id.*

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

In these applications, Plaintiff alleges he is disabled due to degeneration of S1 and S2 of his back, sciatica, and arthritis. (Tr. 55). Plaintiff's attorney also alleged at the administrative hearing that Plaintiff suffers from organic brain dysfunction, cognitive dysfunction, chronic pain syndrome, degenerative joint disease, and degenerative disc disease and claimed that Plaintiff's impairments meet the requirements of Listings 1.02(a) and 12.02. *See id.*

Plaintiff's applications were initially denied on December 2, 2003 and were denied again on reconsideration on March 9, 2004. (Tr. 21-24, 206-216). Plaintiff requested an administrative hearing which was held on August 15, 2005 in Harrison, Arkansas. (Tr. 217-265). Plaintiff was present and was represented by an attorney, Rick Spencer, at the hearing. *See id.* Plaintiff and Sarah Moore, a Vocational Expert ("VE"), testified at this hearing. *See id.* At the time of the hearing, Plaintiff was forty (40) years old, which is classified as a "younger individual" under 20 C.F.R. § 404.1563(c) (2007), and had completed his high school equivalency exam or his G.E.D. (Tr. 221).

On August 15, 2005, the Administrative Law Judge ("ALJ") issued a written opinion. (Tr. 217-265). The ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through at least the date of his decision or through May 9, 2006. (Tr. 12, Finding 1). The ALJ determined that Plaintiff had not engaged in Substantial Gainful Activity ("SGA") at any time relevant to his decision. (Tr. 12, Finding 2). The ALJ determined Plaintiff had a history of L4-5 disc narrowing and gout. (Tr. 12, Finding 3). The ALJ determined that, although these were severe impairments, Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 16, Finding 4).

The ALJ also evaluated Plaintiff's subjective complaints and determined Plaintiff's Residual

Functional Capacity ("RFC"). (Tr. 12-16). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and determined that Plaintiff's testimony was not fully credible. *See id.* The ALJ based this determination upon, among other findings, the fact that Plaintiff was not taking any prescription pain medication at the time of the hearing,[3] Plaintiff had not seen a physician since May of 2002 except for the consultative examinations arranged by the Disability Determination Service, and Plaintiff's MMPI-2 results indicated that he was malingering or had exaggerated his symptoms. (Tr. 15). Second, the ALJ determined Plaintiff's RFC and concluded that Plaintiff could perform the full range of sedentary work. (Tr. 16, Finding 5). The full range of sedentary work includes the following:

> Lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567 (2007).

Based upon this RFC determination, the ALJ found that Plaintiff could not perform his Past Relevant Work ("PRW") but was able to perform work that exists in significant numbers in the national economy. (Tr. 16-17, Findings 6, 10). Vocational Expert ("VE") Sarah Moore, an independent vocational expert, testified at the hearing regarding this issue. (Tr. 253-264). The VE testified that Plaintiff's PRW included work as an diesel mechanic (heavy, skilled work) and as an automobile mechanic (medium, skilled work). (Tr. 254). The VE testified that a hypothetical person the same age as Plaintiff and with the same RFC and education could perform work as a cashier (135 jobs in the local economy, 1,300 jobs in the state economy, and 125,000 jobs in the national

---

[3] Plaintiff was only taking over-the-counter Tylenol. (Tr. 15).

3

economy) or as an electronics assembly worker (30 jobs in the local economy, 200 jobs in the state economy, and 7,200 jobs in the national economy). (Tr. 17-18). Based upon the VE's testimony, the ALJ determined that Plaintiff was not disabled. (Tr. 18, Finding 11).

On August 31, 2006, the Appeals Council declined to review the ALJ's August 15, 2006 hearing decision. (Tr. 2-4). Subsequently, Plaintiff filed the present action. (Doc. No. 1). This case was referred to the undersigned on March 6, 2007. Plaintiff and Defendant have both filed appeal briefs. (Doc. Nos. 8-9). This case is ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one

year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming that the ALJ's disability determination is not supported by substantial evidence in the record. (Doc. No. 8). Specifically, Plaintiff claims the

5

following: (1) the ALJ erred by failing to address whether Plaintiff's conditions met or exceeded the requirements of Listings 12.02 and 1.02; (2) the ALJ erred by finding that Plaintiff does not have a severe impairment as a result of his organic brain syndrome or his personality disorder; (3) the ALJ's decision denying benefits is not supported by substantial evidence in the record; and (4) the ALJ erred by failing to give proper weight to Plaintiff's treating physician's report. (Doc. No. 8, Pages 2-18). In response, Defendant argues that the ALJ properly determined that Plaintiff did not have an impairment or a combination of impairments which met the requirements of the Listings and that the ALJ's decision is supported by substantial evidence in the record. (Doc. No. 9, Pages 2-7). Defendant also argues that the ALJ did not err in finding that Plaintiff does not suffer from a severe mental impairment, and the Defendant claims that no treating physician's opinion of record supports Plaintiff's claim of disability. (Doc. No. 9, Pages 7-8). Because the ALJ erred by failing to find that Plaintiff suffers from a severe mental impairment, this Court will only address Plaintiff's second argument.

### A. "Severe Impairment" Standard

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities that do not significantly limit any 'basic work activity.'" See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). As noted by the Eight Circuit, the standard for determining whether a claimant suffers from a severe impairment is a low or *de minimis* standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the

decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should be considered severe when that diagnosis is supported by sufficient medical evidence); *see also Miller v. Astrue,* No. 05-4409, 2007 WL 1452966, at *1 (8th Cir. May 18, 2007).

In the present action, Dr. Vann Smith performed a neuropsychological evaluation of Plaintiff (Tr. 162-166). Dr. Smith performed this examination on November 8, 2004. *See id.* In his report from this examination, Dr. Smith stated that during this evaluation, he performed a number of different neuropsychodiagnostic screening tests. (Tr. 164). Based upon the results of these screening tests and Plaintiff's medical history, Dr. Smith diagnosed Plaintiff with organic brain dysfunction and cognitive dysfunction. *See id.* These diagnoses were based upon Plaintiff's medical history and the results from these screening tests and were sufficiently supported by the medical evidence to satisfy the low threshold or the *de minimis* standard in the Eighth Circuit for a severe impairment. *See Nicola,* 480 F.3d at 887.

**B. Raising the Issue of a "Severe Impairment"**

Despite Dr. Smith's diagnoses, the ALJ still did not find that Plaintiff suffered from the severe impairments of organic brain dysfunction and cognitive dysfunction. (Tr. 13). The ALJ did not even consider Dr. Smith's diagnoses because those diagnoses related to a mental impairment. (Tr. 13). Specifically, the ALJ stated that Plaintiff *did not raise* the issue of a mental impairment; and, therefore, the ALJ would not address these diagnoses: "the undersigned [ALJ] notes that the claimant did not allege a mental impairment, only a physical impairment due to back problems. Consequently, the undersigned gives little or no weight to the findings of Dr. Smith." *See id.*

A plaintiff may raise the issue of whether he or she suffers from a mental impairment in either the application or during the administrative hearing. *See Pena v. Chater,* 76 F.3d 906, 909 (8th Cir. 1996). As long as the plaintiff raises the issue at the administrative hearing, the plaintiff

7

is not required to raise the issue in his or her application for disability benefits. *See id.* In this case, even though Plaintiff did not raise the issue in his applications, Plaintiff's attorney did raise the issue of whether Plaintiff suffers from a mental impairment at the administrative hearing: "This man, I believe meets listings §1.02(A) and §12.02. ***Dr. Smith indicates that he [Plaintiff] has organic brain dysfunction, cognitive dysfunction* . . ."** (Tr. 227-228) (emphasis added). Because Plaintiff's attorney raised the issue of Plaintiff's mental impairment at the administrative hearing, the ALJ was required to consider this impairment. *See Pena,* 76 F.3d at 909. Furthermore, because Plaintiff's medical records (Dr. Smith's report) indicate that his impairment is a severe impairment, the ALJ also should have included Plaintiff's mental impairment as a severe impairment at Step 2 of the analysis. *See Nicola,* 480 F.3d at 887. The ALJ's failure to include this impairment as a severe impairment is reversible error, and this case should be reversed and remanded so that the ALJ may properly consider Plaintiff's mental impairment. *See id.*

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should not be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 6th day of September, 2007.**

/s/   Barry A. Bryant
Honorable Barry A. Bryant
United States Magistrate Judge